UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANIEL FUNDERMARK | § | |
| *Plaintiff,* | § | |
| | § | **CASE NO. 1:13-CV-725** |
| V. | § | (State Cause No. D-1-GN-13-002502, |
| | § | Removed from the 419th Judicial |
| DR. ERIC S. TIBLIER, P.A. D/B/A | § | District Court of Travis County, Texas) |
| AUSTIN CARDIAC CLINIC | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

To the Honorable Judges of the United States District Court for the Western District of Texas:

1.      On or about July 25, 2013, Plaintiff Daniel Fundermark ("Plaintiff") filed Plaintiff's Original Petition with the 419th Judicial District Court, Travis County, Texas, Cause No. D-1-GN-13-002502, asserting, among others, violations of federal law under Title III of the Americans with Disabilities Act ("ADA") against Defendant Dr. Eric S. Tiblier, P.A. d/b/a Austin Cardiac Clinic ("Cardiac Clinic"). Cardiac Clinic was served with the petition on July 25, 2013.

2.      Copies of all state court papers are attached hereto and incorporated herein, and serve as all process, pleadings, and orders served in the action.

3.      This notice of removal is timely filed under 28 U.S.C. §1446(b) in that it is filed within thirty (30) days of service of the original petition filed by Plaintiff in which Plaintiff asserted the claims that his rights under a federal statute were violated.

4.      Removal of this action is proper under 28 U.S.C. §1441 because it is a civil action brought in state court, and the district courts of the United States have original jurisdiction over the subject matter under 28 U.S.C. §1331.

5.     The district courts of the United States have original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because Plaintiff's ADA claim arises under federal law in that the cause of action is created by federal law. See 42 U.S.C. §12181.

6.     Joined in this action with the federal claims described above, are Plaintiff's state law claims under Chapter 121 of the Texas Human Resources Code and the Texas Declaratory Judgments Act. See Tex. Human Res. Code §§121.001 et seq. These claims fall within the supplemental jurisdiction of the district courts of the United States in that they are so related to Plaintiff's federal claims that they are part of the same case or controversy. *See* 28 U.S.C. §1367. Plaintiff's state law claims do not raise novel or complex issues of State law, nor do they substantially predominate over Plaintiff's ADA claim. The state law claim derives from the same nucleus of operative facts as Plaintiff's federal claims, so that ordinarily the claims would be tried together in the same proceeding.  Plaintiff's state law claims allegedly arise from the same alleged injury to Plaintiff.  Because of the relationship of these claims, the district courts of the United States have jurisdiction over the entire action.  *Id.*

7.     Defendant Cardiac Clinic expressly reserves the right to raise all defenses and objections in this action after it is removed to this Court.

8.     Plaintiff did not demand a jury in the state court action.

9.     Defendant Cardiac Clinic will promptly file a copy of this Notice of Removal with the clerk of the state court where the action has been pending.

WHEREFORE, Defendant Cardiac Clinic, pursuant to the statutes identified above and in conformance with the requirements set forth in 28 U.S.C. §1446, removes this action for trial from the 419th Judicial District Court of the State of Texas, County of Travis, to the United States

District Court for the Western District of Texas, Austin Division, on August 19, 2013.

Respectfully submitted,

BALLARD & SIMMONS, LLP
5113 Southwest Parkway, Suite 200
Austin, Texas 78735
(512) 703-5020
(512) 703-5028 (Fax)
*danballard@ballardsimmons.com*
*randyfloyd@ballardsimmons.com*

.

By: Signature on file with the U.S. District Clerk
        Dan Ballard
        State Bar No. 01650700
        Randy Floyd
        State Bar No. 00788418

EICHELBAUM, WARDELL, HANSEN,
POWELL & MEHL, P.C.
4201 W. Parmer Lane, Suite A-100
Austin, Texas 78727
(512) 476-9944
(512) 472-2599 (Fax)
*jpowell@edlaw.com*

By: _____/s/ Jennifer A. Powell_____
        Jennifer A. Powell
        State Bar No. 00783554

ATTORNEYS FOR DEFENDANT
DR. ERIC S. TIBLIER, P.A. D/B/A
AUSTIN CARDIAC CLINIC

## <u>CERTIFICATE OF SERVICE</u>

       I certify by my signature that a true and correct copy of the foregoing has been forwarded to the following in the manner described below on this  22nd  day of August, 2013.

**<u>Via Certified Mail  70100780000182473031_</u>**
Abigail Frank
James C. Harrington
Texas Civil Rights Project
1405 Montopolis Dr.
Austin, TX 78741

                             /s/ Dan Ballard                 
                                     Dan Ballard

| Filed Date | Category | Description | Additional Info |
|---|---|---|---|
| 7/25/2013 | PET-PL ... | ORIGINAL PETITION/APPLICATION | ORIGINAL PETITION |
| 8/5/2013 | SRVPRO... | EXE SERVICE OF CITATION | ERIC TIBLIER |
| 8/19/2013 | ANS-RESP | ORIGINAL ANSWER | DEFENDANT DR. ERIC S. TIBLIER, P.A. D/B/A AUSTIN CARDIAC    CLINIC'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION |

Filed
13 July 25 A10:24
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-13-002502

CAUSE NO. _____

| | | |
|---|---|---|
| DANIEL FUNDERMARK, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| DR. ERIC S. TIBLIER, P.A. D/B/A | § | |
| AUSTIN CARDIAC CLINIC, | § | _____ JUDICIAL DISTRICT |
| Defendant. | § | |

## ORIGINAL PETITION

Plaintiff Daniel Fundermark files this petition against Defendant Dr. Eric S. Tiblier, P.A. d/b/a Austin Cardiac Clinic (hereinafter Dr. Tiblier) for violating state and federal law by refusing to provide reasonable accommodations to people with hearing disabilities and alleges as follows:

### DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Mr. Fundermark gives notice that he intends to pursue a Level 2 discovery plan.

### STATEMENT OF CLAIM

2. Dr. Tiblier refused to provide a qualified sign language interpreter or other reasonable accommodations to Mr. Fundermark for a medical appointment, denying him the right to fully and equally enjoy the clinic's services. Mr. Fundermark brings this action for declaratory and injunctive relief and damages against Dr. Tiblier for violations of Chapter 121 of the Texas Human Resources Code (Chapter 121), Tex.Hum.Res. Code §§121.001 *et seq.*, and Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §12181.

3. Mr. Fundermark seeks costs, litigation expenses, and reasonable and necessary attorney's fees as are equitable and just, pursuant to the ADA and the Declaratory Judgments Act. 42 U.S.C. §12205; Tex.Civ.Prac.&Rem. Code §§37.009.

JURISDICTION AND VENUE

4. Jurisdiction and venue are proper in this court because the events and omissions complained of occurred in Travis County, where Dr. Tiblier is located.

PARTIES

5. Plaintiff, Daniel Fundermark, is a resident of Travis County. Mr. Fundermark is deaf and uses American Sign Language (ASL) to communicate. Mr. Fundermark is a "qualified individual with a disability" within the meaning of Title III of the ADA and a "person with a disability" within the meaning of Chapter 121.

6. Dr. Tiblier operates the Austin Cardiac Clinic, a public facility and a public accommodation within the meaning of Chapter 121 and Title III of the ADA. He can be served at his usual place of business, 901 West 38th St., Austin, Texas 78705.

STATEMENT OF FACTS

7. Mr. Fundermark is deaf and needs certain accommodations to allow him access to public services. Mr. Fundermark's primary language is ASL. Written notes are not effective communication for Mr. Fundermark during a doctor's appointment because he is unable to fully understand or convey information about his health through written English. He can only communicate effectively with the assistance of an ASL interpreter.

8. Mr. Fundermark's primary care doctor referred him to Dr. Tiblier after he had been experiencing varicose veins in his legs. In June of 2013, Mr. Fundermark made an appointment with Dr. Tiblier and informed him that he would require an interpreter to be able to communicate with Dr. Tiblier and his staff. A member of Dr.Tiblier's staff told him that the doctor would not provide an interpreter for the appointment.

9. Mr. Fundermark contacted Brian Determan, a Deafness Resource Specialist with the Texas Department of Assistive and Rehabilitative Services, to request his assistance in educating

2

Dr. Tiblier on his legal obligation to provide an interpreter for Mr. Fundermark's appointment. Mr. Determan prepared and faxed a letter to Dr. Tiblier's office detailing the relevant state and federal law and the reasons why an interpreter was needed for Mr. Fundermark's upcoming appointment.

10. An employee at Dr. Tiblier's office called Mr. Determan to ask if Mr. Fundermark could provide his own interpreter for the appointment or bring another means of communication. Mr. Determan explained that an interpreter was needed to provide effective communication for Mr. Fundermark in a medical setting and that it was Dr. Tiblier's responsibility to provide one.

11. The next day a different employee of Dr. Tiblier's left a voicemail message for Mr. Fundermark that it would be best to cancel the appointment. Dr. Tiblier's refusal to provide an interpreter forced Mr. Fundermark to delay his medical care and to seek treatment from a doctor other than the one recommended by his primary care doctor.

12. Because Dr. Tiblier ignored and denied Mr. Fundermark's request for an interpreter and Mr. Determan's explanation of applicable law and similar request, it is likely that Dr. Tiblier will continue his discriminatory practice against Mr. Fundermark and others with disabilities.

## CAUSES OF ACTION

### Chapter 121

13. Chapter 121 established that it is "the policy of the state to encourage and enable persons with disabilities to participate fully in the social and economic life of the state, to achieve maximum personal independence ... and to otherwise fully enjoy and use all public facilities available within the state." Tex.Hum.Res. Code §121.001.

14. In discriminating against people with disabilities, by failing to comply with the requests of deaf patients needing communication assistance for medical services, Dr. Tiblier has

3

failed to comply with Tex.Hum.Res. Code §121.003(d)(2), which requires reasonable accommodations in policies, practices, and procedures.

15. In discriminating against people with disabilities, by singling out people with disabilities and failing to comply with requests of deaf patients to have sign language interpreters present at appointments, Dr. Tiblier has failed to comply with the Tex.Hum.Res. Code §121.003(d)(3), which requires the provision of auxiliary aids and services necessary to allow the full use and enjoyment of a public facility. Dr. Tiblier's office is a public facility because it is a "place of public accommodation, amusement, convenience, or resort to which the general public or any classification of persons from the general public is regularly, normally, or customarily invited." Tex.Hum.Res. Code § 121.002(5).

## Title III of the Americans with Disabilities Act

16. In passing the ADA, Congress identified some 43,000,000 Americans, including children, as having one or more disabilities and found that discrimination against individuals with disabilities continues to be a serious and pervasive social problem. 42 U.S.C. §12101(a)(1)-(2).

17. Congress found that, historically, society tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be endemic. 42 U.S.C. §12101(a)(2).

18. The ADA has a clear and comprehensive national mandate to eliminate discrimination against individuals with disabilities and to establish clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities. 42 U.S.C. §12101(a)(1)-(2).

19. Under Title III of the Americans with Disabilities Act, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods,

4

services, facilities, privileges, advantages, or accommodations of any place of public
accommodation by any person who owns, leases (or leases to), or operates a place of public
accommodation." 42 U.S.C. §12182. Discrimination includes a failure to make reasonable
accommodations in policies, practices and procedures, as well as a failure to provide auxiliary
aids and services. 42 U.S.C. §12182(b)(2)(A)(ii) and (iii).

20. Dr. Tiblier's failure to make his services accessible to Mr. Fundermark, including the
failure to reasonably accommodate his disability and to provide auxiliary aids and services, is a
denial to a deaf person of the full use and enjoyment of his services that hearing people enjoy.

## RELIEF REQUESTED

21. Pursuant to Texas Rule of Civil Procedure 47(c)(2), Mr. Fundermark seeks monetary
relief of $100,000 or less and non-monetary relief in the form of declaratory relief, injunctive
relief, and attorneys' fees, as stated below.

### I. Statutory Penalty

22. Chapter 121 provides for a penalty of at least $100 to an aggrieved party for each
violation of the law, for which Dr. Tiblier is liable to Mr. Fundermark as a result of the
allegations herein. Tex Hum.Res. Code §121.004(a). There is no statutory limit to this penalty.

### II. Declaratory Relief

23. Mr. Fundermark seeks declaratory relief concerning each of Dr. Tiblier's violations
of law, delineating each violation and affirming his rights as a person with a disability to enjoy
Dr. Tiblier's services and effective communication.

### III. Injunctive Relief

24. Because Mr. Fundermark and other similarly situated individuals with disabilities will
continue to experience unlawful discrimination due to Dr. Tiblier's failure and refusal to comply

5

with Texas and federal law, injunctive relief is necessary to order Dr. Tiblier to accommodate

Mr. Fundermark and others similarly situated so they can fully use and enjoy his services.

## ATTORNEYS' FEES AND COSTS

25. Mr. Fundermark seeks costs and reasonable and necessary attorney's fees, as are

equitable and just, pursuant to the ADA and the Declaratory Judgments Act. 42 U.S.C. §12205;

Tex.Civ.Prac.&Rem. Code §37.009.

## REQUESTS FOR DISCLOSURE

26. Pursuant to the Texas Rule of Civil Procedure 194, Defendant is requested to disclose

to the undersigned counsel for Mr. Fundermark, within fifty (50) days of service of this request,

the information or material described in the Texas Civil Rule of Procedure 194.2(a)-(i).

## PRAYER FOR RELIEF

28. Plaintiff, Daniel Fundermark, respectfully requests this Court award him the

following relief:

A. A permanent injunction, requiring Dr. Tiblier, his agents, servants, employees, and all persons acting in concert with him to eliminate all barriers described herein that prevent Mr. Fundermark and other people with hearing disabilities from having access to the services and accommodations offered at Austin Cardiac Clinic and enjoining Dr. Tiblier from violating Chapter 121 and the Americans with Disabilities Act.

B. A declaratory judgment specifying Mr. Fundermark's rights, as an individual with a hearing disability, to access the services available at Austin Cardiac Clinic, including a declaration of the auxiliary aids, services, and other accommodations to which he is entitled;

C. Actual and/or statutory damages in the amount of at least $100 per violation of Chapter 121;

D. A finding that Mr. Fundermark is the prevailing party in this action and an order holding Dr. Tiblier liable for all Mr. Fundermark's attorney's fees, costs, and expenses; and,

E. Any other and additional relief to which Mr. Fundermark may be entitled in this action.

6

Dated: July 25, 2013

Respectfully submitted,

/s/ Abigail Frank
Abigail Frank
State Bar No. 24069732
Joseph P. Berra
State Bar No. 24027144
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Dr.
Austin, TX, 78741
        512-474-5073
        512-474-5074 (fax)

ATTORNEYS FOR PLAINTIFF

CAUSE NO. _____

| | | |
|---|---|---|
| DANIEL FUNDERMARK, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| DR. ERIC S. TIBLIER, P.A. D/B/A | § | |
| AUSTIN CARDIAC CLINIC, | § | _____ JUDICIAL DISTRICT |
| Defendant. | § | (JURY REQUESTED) |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION, REQUESTS FOR ADMISSION, AND INTERROGATORIES TO DEFENDANT DR. ERIC S. TIBLIER P.A. D/B/A AUSTIN CARDIAC CLINIC

To:     Dr. Eric S. Tiblier, P.A. d/b/a Austin Cardiac Clinic at his places of business at 301 W. 38th St., Austin, Texas 78705.

Pursuant to Rules 196, 197, and 198 of the Texas Rules of Civil Procedure, you are hereby directed to respond to the attached written Interrogatories, Requests for Production, and Requests for Admission, and to serve answers on the undersigned counsel of record within fifty (50) days of receipt thereof.

Dated: July 25, 2013

Respectfully submitted,

/s/ Abigail Frank
Abigail Frank
State Bar No. 24069732
James C. Harrington
State Bar No. 09048500
Joseph P. Berra
State Bar No. 24027144

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas 78741-3438
          (512) 474-5073 [phone]
          (512) 474-0726 [fax]

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that, on July 25, 2013, a true copy of this document was filed with the Court to

be delivered by constable to Dr. Eric S. Tiblier at his place of business at 901 W. 38th St., #400

Austin, Texas 78705.

/s/ Abigail Frank
Abigail Frank

## DEFINITIONS

As used in these Interrogatories, Requests for Production and Requests for Admission,
the following words and terms shall mean and include:

(1) "PERSON" or "PERSONS" refers to natural persons, corporations, partnerships, sole
proprietorships, unions, associations, federations, government entities and instrumentalities,
or any other entity.

(2) "COMMUNICATION" or "COMMUNICATIONS" means a transfer of, or request for,
information, written or oral, by any means whatsoever.

(3) "DEFENDANT," "DR. ERIC S. TIBLIER, P.A." "DR. TIBLIER" "AUSTIN CARDIAC
CLINIC," "YOU," "YOUR," refer to Defendant Dr. Eric S. Tiblier, P.A. d/b/a Austin
Cardiac Clinic and includes officers, employees, agents, servants, predecessors-in-office,
successors-in-office, and any person or entity acting in concert or on behalf of said
Defendant, now or in the past, whether specifically indicated or not.

(4) "DOCUMENTATION," "DOCUMENT" or "DOCUMENTS" include any item whether
printed or recorded or reproduced by any other electronic or mechanical process or written
or produced by hand: agreements, communications, reports, charges, complaints,
correspondence, telegrams, memoranda, electronic mail, applications, summaries or records
of telephone conversations, summaries or records of personal conversations or interviews,
diaries, schedules, charts, videos, audio or audio recordings, graphs, worksheets, reports,
notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings
or conferences, summaries or reports or records of investigations or negotiations, opinions
or reports of consultants. bills, statements, invoices, and all other writings of whatever
nature, photographs, motion picture film, brochures, pamphlets, advertisements, circulars,
press releases, drafts, letters, tape recordings, disks, data sheets or data processing cards, any
marginal comments appearing on any document or thing, or any other written, recorded,
transcribed, filed or graphic master, however produced or reproduced, to which Defendant
or its agents, representatives, or attorney will have or have had access.

In the event any item requested is unavailable due to loss or destruction of documents, loss
of memory, failure to keep documents, or otherwise, please identify the nature of the
information, the last known person to have possession of the documents or information, the
circumstances involved, and the date of each event.

2

(5) "IDENTIFY" or "IDENTITY OF" when referring:

    (a) to a person, means to state his or her full name, present or last known business or residential street address, city, state, and phone number;

    (b) to a public or private corporation, partnership, association or other organization, or to a governmental agency means to state its full name and present or last known pertinent business street address, city, state, and phone number;

    (c) to a statement, means to identify who made it, who took or recorded it, and all others, if any, present during the making thereof; to state when, where, and how it was taken or recorded; and to identify who has present or last known possession, custody or control thereof;

    (d) to a document, means to give reasonably detailed description thereof, including, if applicable: when, where, and how it was made; to identify who made it; and to identify who has present, or last known, possession, custody or control thereof; and

    (e) to any other tangible thing, means to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

(6) The terms "AND," "OR," "ANY," and "ALL" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.

(7) "ADA" refers to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

(8) "CHAPTER 121" means Chapter 121.001, *et seq.* of the Texas Human Resources Code, located at Tex.Hum.Res. Code Ann. §121.

(9) "DESCRIBE IN DETAIL" and "STATE IN DETAIL" mean to give a complete and full description concerning the matter about which the inquiry is made, including to identify the person involved, along with dates, times, places, amounts, and other particulars that make the answer to the Interrogatory fair and meaningful.

(10) "RELATED TO," "RELATE TO," and "RELATING TO" means constituting, defining, containing, embodying, reflecting, identifying, discussing, concerning, stating, referring to, involving, evidencing, evaluation, criticizing, substantiating, dealing with, mentioning, or in any way pertaining to.

(11) "PUBLIC FACILITY" is used as it is defined in Chapter 121.

(12) "ACCESSIBLE" means accessible to people with disabilities, whether mobility, visual, or hearing impairments, in conformance with the standards set forth by CHAPTER 121, the ADA, and/or other applicable law.

(13) "DISCRIMINATION" is used as it is defined in Chapter 121.

(14) "AUXILIARY AIDS AND SERVICES" means qualified sign language or oral interpreters, note takers, computer-aided real time captioning (CART, also called Communication Access Realtime Translation or real-time captioning), written materials, telephone handset amplifiers, assistive listening devices, hearing aid compatible telephones, closed caption decoders or televisions with closed caption decoding capabilities, open and closed captioning, TTYs, visual alert appliances, materials in Braille, large print, or audio formats, and any other devices or methods that may be suitable to facilitate effective communication with individuals who are deaf, blind, hard of hearing, and/or have low vision.

(15) "PATIENT" means a person who either seeks and/or receives services from Defendant.

(16) "QUALIFIED INTERPRETER" means an interpreter who is able to interpret effectively, accurately and impartially both receptively and expressively, using any necessary specialized vocabulary.

If you believe that any written discovery is requesting privileged information, pursuant to Tex.R.Civ.Proc. 193.3(a), the party must state that the "(1) information or material responsive to request has been withheld, (2) the request to which the information or material relates, and (3) the privilege or privileges asserted."

## INSTRUCTIONS – REQUESTS FOR PRODUCTION

All Requests for Production are subject to the following Instructions:

(1) The Requests for Production shall not be deemed to call for identical copies of documents. However, document with handwritten notes, editing marks, or any other mark that differentiates the document shall not be deemed identical to one without such modifications, additions or deletions.

(2) Each document produced pursuant to this Request for Production is to be identified in such production by the specific number of the Request for Production with respect to which it is produced.

(3) This Request for Production is a continuing document request. If, any time after your response and production pursuant to this Request, you learn of, or otherwise come into possession, custody or control of, additional documents called for by this Request, such documents are to be produced, and identified as set out in the preceding paragraph.

(4) If you claim any privilege, exemption, or immunity as a basis for withholding production of one or more documents, the response to this Request shall state specifically the reasons for each such objection and shall identify specifically each document withheld because of claimed privilege.

(5) Documents that are regularly maintained stapled, clipped, or otherwise physically attached to other documents are to be produced in their stapled, clipped or otherwise physically attached form.

(6) As used herein, the singular includes the plural number, and vice versa. The past tense includes the present tense, and vice versa, where the clear meaning is not distorted by change of tense.

(7) If an objection to any Request is made, the reason(s) shall be stated specifically as to each separate request.

(8) None of the requests for production seek disclosure of matters protected by attorney-client privilege or Defendant's attorney's work product.

## <u>REQUESTS FOR PRODUCTION</u>

<u>Request No. 1:</u> All documents or other tangible things in the possession, custody, or control of Defendant which Defendant claims are relevant to the facts, claims, denials, defenses, or affirmative defenses alleged in this case.

<u>Response:</u>

<u>Request No. 2:</u> All documents which were consulted or which relate to, refute or support Defendant's responses to Plaintiff's First Set of Interrogatories and Requests for Admission propounded herewith.

<u>Response:</u>

<u>Request No. 3:</u> All documents showing or reflecting any effort to assess, evaluate, or achieve compliance with the ADA, Chapter 121, or any other disability law or regulation, including related regulations, regarding violations set out in original complaint.

<u>Response:</u>

<u>Request No. 4:</u> All documents or other tangible things that Defendant expects to proffer as evidence at trial.

<u>Response:</u>

<u>Request No. 5:</u> Any communications regarding actions Defendant has taken to assess and achieve compliance with the ADA, Chapter 121, or other laws, standards, and regulations with respect to providing interpreters for persons with hearing disabilities and the elimination of discriminatory practices toward patients or clients with disabilities.

<u>Response:</u>

Request No. 6:  All documents relating to Defendant's self-evaluation and written plans for purposes of achieving compliance with the ADA, Chapter 121, and all other disability laws, standards, and regulations.

Response:


Request No. 7:  All documents reflecting any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Response:


Request No. 8:  Any documents showing the current total assets and liabilities of Defendant.

Response:


Request No. 9:  All documents identified or otherwise indicated in Defendant's responses to Plaintiff's request for admissions and interrogatories, if not already produced pursuant to the aforementioned requests for production.

Response:


## INSTRUCTIONS – REQUESTS FOR ADMISSION

If objection to any Request is made, the reason(s) shall be stated specifically as to each separate request.

(1) Each answer to each Request shall deny specifically the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

(2) A denial shall fairly meet the substance of the requested admission; and, when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

(3) An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that a reasonable inquiry has been made and that the information known or readily obtainable by the party is insufficient to allow an admission or denial.

(4) None of the requests for admission seek disclosure of matters protected by attorney-client privilege or Defendants' attorney work product.

## REQUESTS FOR ADMISSION

<u>Request For Admission No. 1:</u>   Admit that Defendant canceled Plaintiff's June 3, 2013 appointment with Defendant.

Admit:_____          Deny:_____

<u>Request For Admission No. 2</u>: Admit that Plaintiff's doctor referred Plaintiff to Defendant's medical practice.

Admit:_____          Deny:_____

<u>Request For Admission No. 3</u>:   Admit that Plaintiff Daniel Fundermark requested a sign-language interpreter for his appointment at Defendant's medical practice.

Admit:_____          Deny:_____

<u>Request For Admission No. 4</u>:   Admit that Defendant refused to provide Plaintiff Daniel Fundermark with an interpreter for his appointment at Defendant's medical practice for June 3, 2013.

Admit:_____          Deny:_____

<u>Request for Admission No. 5:</u>   Admit that Defendant received a facsimile from Brian Determan on May 24, 2013 requesting an interpreter for Daniel Fundermark.

Admit:_____          Deny:_____

## INSTRUCTIONS FOR INTERROGATORIES

Under the Texas Rules of Civil Procedure, Defendant is hereby requested to answer fully, factually, in writing, and under oath each of the separate Interrogatories hereafter set out. Defendant is instructed that:

(1)   All Interrogatories must be answered fully in writing in accordance with Rule 197 of the Texas Rules of Civil Procedure.

(2)   All answers to Interrogatories must be signed by the party except that, if circumstances prevent a party from signing responses to Interrogatories, the attorney may file the Interrogatories without the party's signature if an affidavit is filed simultaneously stating that properly executed responses to Interrogatories will be filed within twenty (20) days, unless time is extended by order of the Court.

7

(3)    In the event any question cannot be fully answered after the exercise of reasonable diligence, Defendant shall furnish as complete an answer as it can, explain in detail the reason why it cannot give a full answer, and state what is needed to be done in order to be in a position to answer fully and estimate when it will be in that position.

(4)    In the event a party fails to answer an Interrogatory in full and offers an explanation, the opposing party shall respond to said explanation within ten (10) days after its receipt if he disagrees with the same.

(5)    Each Interrogatory shall be set forth immediately prior to the answer thereto.

(6)    Answers to Interrogatories must be answered separately, signed, and verified by the person making them; the answers must be delivered to the undersigned attorney of record for Plaintiff within thirty (30) days of service hereof.

(7)    The Interrogatories should be answered in the spaces provided to the extent possible. If additional space is needed, please use additional sheets.

(8)    In answering the Interrogatories, furnish all information available to Defendant including information in the possession of its attorney and all persons acting in its behalf.

(9)    These Interrogatories are deemed continuing so as to require supplemental answers if Defendant or Defendant's counsel obtains further information which will correct an answer previously given or change an answer previously given which is no longer true.

(10)   If Defendant expects to call an expert witness whose name and the subject matter of said witness' testimony have not been previously disclosed in response to one of these Interrogatories, the answer must be supplemented and amended to include such information not less than (20) twenty days prior to trial, if not provided sooner.

(11)   None of the requests for production, interrogatories, or requests for admission seeks disclosure of matters protected by attorney-client privilege or Defendant's attorney's work product.

## INTERROGATORIES

Interrogatory No. 1: Please identify (by name, address, title, and telephone number) each person who provided information or assisted in any way in answering these discovery requests and as to each such person, please indicate the discovery request with respect to which he or she was involved.

ANSWER:

Interrogatory No. 2: Please identify all person(s), if any, designated by Defendant to be responsible for compliance with the ADA (Americans with Disabilities Act), Chapter 121, or any other state, federal or local disability law in terms of providing accommodations for people with

8

disabilities. For each person so identified, please state the law(s) for which such person is responsible; if no such person exists please indicate as such in your answer.

ANSWER:

Interrogatory No. 3: Please describe in detail all actions Defendant has taken to assess and achieve compliance with the ADA, and Chapter 121 with respect to providing interpreters for persons with hearing disabilities and the elimination of discriminatory practices toward patients and clients who have disabilities.

ANSWER:

Interrogatory No. 4: Please identify and describe in detail Defendant's disability accessibility complaint or grievance procedures that provide for the submission and resolution of complaints regarding accommodation of persons with hearing disabilities. Please identify all individuals responsible for handling grievances or complaints during the complaint or grievance process.

ANSWER:

Interrogatory No. 5: Please identify and describe in detail all facts that you contend to support your defenses in this case.

ANSWER:

Interrogatory No. 6: Please identify the full names, addresses, and telephone numbers of the persons whom Defendant knows to have knowledge of facts related to claims or defenses in this lawsuit, and describe the issues and facts about which each person has knowledge.

ANSWER:

Interrogatory No. 7: Please identify the full names, addresses, and telephone numbers of the persons who are expected to be called to testify at trial on behalf of Defendant.

ANSWER:

Interrogatory No. 8: If your responses to Plaintiffs' Requests for Admissions are anything but unqualified admissions, identify in detail all facts that support each denial or conditional admission. Include in your answer the identity of all parties and facts related to this denial or conditional admission.

ANSWER:

## VERIFICATION

STATE OF TEXAS              §
                           §
TRAVIS COUNTY              §

BEFORE ME, the undersigned authority, on this day personally appeared_____

_____, known to me to be the person whose signature is affixed above, and upon

oath, stated that such person answered the foregoing Requests for Production, Requests for

Admission, and Interrogatories in the capacity therein set out and that such responses are true,

correct, and completed to the best of that person's knowledge.

SWORN TO AND SUBSCRIBED before me by affiant on _____, 2013.

l_____
Notary Public, State of Texas

_____
(typed or printed name)

My Commission Expires:_____

10

## CIVIL CASE INFORMATION SHEET

MAY ENTER CAUSE #/ COURT # IF ALREADY ASSIGNED (E.G., FAMILY MOTION, AMENDED PETITION)

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____     COURT *(FOR CLERK USE ONLY)*: _____

STYLED *Fundermark v. Dr. Eric S. Tibtier, P.A., d/b/a Austin Cardiac Clinic*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | | Person or entity completing sheet is: |
|---|---|---|---|---|
| Name:<br>*Abigail Frank* | Email:<br>*abbyfrank@gmail.com* | Plaintiff(s)/Petitioner(s):<br>*Daniel Fundermark* | | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:<br>*1405 Montopolis Dr.* | Telephone:<br>*(512) 474 5073* | Defendant(s)/Respondent(s):<br>*Dr. Eric Tibtier, P.A.*<br>*d/b/a Austin Cardiac*<br>*Clinic* | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>*Austin, Tx 78741* | Fax:<br>*(512) 474 - 0726* | | | Custodial Parent: |
| Signature:<br>*Abjil Zh* | State Bar No:<br>*24069732* | [Attach additional page as necessary to list all parties] | | Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| OPTION A: CK CASE TYPE (EXCEPT OTHER) FOR CLERK TO SELECT SUIT TYPE; SEE SEC. 3 NOTE BELOW *Civil* | | | | *Family Law* | |
|---|---|---|---|---|---|
| | **Civil** | | | **Family Law** | **Post-judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>  ☐Accounting<br>  ☐Legal<br>  ☐Medical<br>  ☐Other Professional<br>  Liability: | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>  ☐With Children<br>  ☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D** |
| *Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise | | | | ☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| ☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract:<br><br>OPTION B: CK OTHER & ENTER 3-LETTER SUIT TYPE FOR CLERK TO USE WHEN DOCKETING | ☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>  ☐Asbestos/Silica<br>  ☐Other Product Liability<br>  List Product: _____<br>☐Other Injury or Damage: | **Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: _____ | **Other Family Law**<br>☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: | **Parent-Child Relationship**<br>☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☒Other: *Civil Rights*<br>*Disabilits Rights* | | |
| **Tax** | | | **Probate & Mental Health** | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | | |
|---|---|---|---|
| ☐Appeal from Municipal or Justice Court | ☒Declaratory Judgment | | ☐Prejudgment Remedy |
| ☐Arbitration-related | ☐Garnishment | | ☐Protective Order |
| ☐Attachment | ☐Interpleader | | ☐Receiver |
| ☐Bill of Review | ☐License | | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | | ☒Temporary Restraining Order/Injunction |
| ☐Class Action | ☐Post-judgment | | ☐Turnover |

OPTION C: SECTION 3 PROCEDURES/REMEDIES IN **BOLD** MAY BE USED AS CASE OR SUIT TYPES. YOU MAY SPECIFY THAT ONE OF THESE PROCEDURES/REMEDIES BE USED AS A SUIT TYPE BY CHECKING IT AND LEAVING THE CASE TYPE IN SECTION 2 BLANK; SELECTING A CASE TYPE IN SECTION 2 OVERRIDES ANY SELECTION IN SECTION 3.



## Amalia Rodriguez–Mendoza
District Clerk, Travis County
Travis County Courthouse Complex
P. O. Box 679003
Austin, Texas 78767

Date: November 3, 2008

TO: All attorneys of record in cases pending in Travis County District Court

NOTICE OF ENTRY OF NEW E-FILE MANDATE ORDER

The 2008 Court Order Regarding E-filing is effective as of November 1, 2008. You can view this order by selecting the link near the top of the following web page:

http://www.co.travis.tx.us/district_clerk/default.asp

If you have not yet established an e-filing account, please refer to Texas Online's eFiling Main Information at:

http://www.texasonline.com/portal/tol/en/info

We are asking that you establish your account as soon as possible, but a grace period through the end of the year has been implemented to allow you adequate time to make e-filing preparations.

If you have any questions regarding the e-filing process or the order's application to any of your pending cases, you may call 512-854-FILE (512-854-3453) for assistance.

Thank you.

Amalia Rodriguez-Mendoza
T avis County District Clerk

Travis County District Clerk's Office
Civil Division

| Administrative Offices | Civil and Family Division | Criminal Division | Jury Office |
|---|---|---|---|
| (512) 854-9737 | (512) 854-9457 | (512) 854-9420 | (512) 854-4295 |
| Fax: 854-4744 | Fax: 854-6610 | Fax: 854-4566 | Fax: 854-4457 |

THE LAWYER REFERRAL SERVICE OF CENTRAL TEXAS

A Non-Profit Corporation

# IF YOU NEED A LAWYER
# AND DON'T KNOW ONE,
# THE LAWYER REFERRAL SERVICE
# CAN HELP

## 512-472-8303
### 866-303-8303 (toll free)
### www.AustinLRS.com

**Weekdays 8:00 am to 4:30 pm**
**$20.00 for first half hour attorney consultation**
**(free consultations for personal injury, malpractice, worker's compensation,**
**bankruptcy, and social security disability)**

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

# SI USTED NECESITA EL CONSEJO DE UN
# ABOGADO Y NO CONOCE A NINGUNO
# PUEDE LLAMAR
# A LA REFERENCIA DE ABOGADOS

## 512-472-8303
### 866-303-8303 (llame gratis)
### www.AustinLRS.com

**Abierto de lunes a viernes de 8:00 am-4:30 pm**
**$20.00 por la primera media hora de consulta con un abogado**
**(la consulta es gratis si se trata de daño personal, negligencia,**
**indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)**

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

5-29-13 LM on a system with another female, we are cxling appt and I gave him the number to Vein Solutions.  Kathy/ vein solutions not answering, ref to AHeart either Picone,Gammom,or Selman

Note put in quick view @ top by Kathy

## Quickview: FUNDERMARK, DANIEL J 07/26/1964 (49yo M) #9573 E#9573

| | |
|---|---|
| **Patient Notes** | 5-29-13 LM on a system with another female, we are cxling appt and I gave him the number to Vein |

| **Patient Outstanding** | **Statement** | $0.00 |
|---|---|---|
| | **Payment Plan** | $0.00 |
| | **Prepayment Plan** | $0.00 |

▷ View billing summary ▷ Patient account view ▷ e-payment activity

**Patient Privacy** ☑ Privacy Notice ☑ Release of Billing Information ☑ Assignment of Benefits ▷ privacy

**Medication History Authority** ◉ Yes ○ No

| **Last Name** | FUNDERMARK | **Status** | Active |
|---|---|---|---|
| | | **Sex** | Male |
| **First Name** | DANIEL | **Home Phone** | (512) 410-6426 |
| | | **Work Phone** | |
| **M. Name + Suffix** J | | **Mobile Phone** | |
| **Prev. Last Name** | | **Email** | ☐ No Email |
| **DOB** | 07/26/1964 | **Contact Preference** | |
| | | **Primary Department** | CARDIAC CLINIC |
| **SSN** | *****8090 edit | **Usual Provider** | TIBLIER_E |
| **Address** | 13501 MOURA COVE | **Marital Status** | |
| | | **Language** | |
| **Address (ctd)** | | **Race** | White ☐ Patient Declined |
| **Zip** | 78660 ▷ lookup | **Ethnicity** | Not Hispanic or Latino ☐ Patient Declined |
| **City** | PFLUGERVILLE | **How did you hear about us?** | |
| **State** | TX | **Specify (If Other, above)** | |
| **Driver License Image** | ▷ add card image | **Default Pharmacy** | Search |
| | | **Preferred Lab** | Search |
| | | **Registration status** | Not registered    Create PIN    Print Portal URL |
| **Patient Photo** | ▷ add patient photo | | ☑ Portal access provided to patient |
| | | **Patient Care Summary** | ◉ Portal ○ Paper |

Save Changes

**Correspondence**
show all correspondence records

**Insurances** ▷ View Cancelled Insurances ▷ Add Case Policy ▷ Add Payment Plan ▷ Add Prepayment Plan

| **Primary** 05/23/13 | AETNA - NAP - CHOICE (POS II) [43779] PC BOX 981106, EL PASO, TX 79998-1106 phone:(888) 632-3862 |
|---|---|

view additional insurance contact info

Policy Holder: FUNDERMARK, DANIEL J  **Eligibility Status:** Eligible
Patient's Relation: Self  **Eligibility Status Reason:** Athena
DOB: 07/26/1964  **Eligibility PCP:** Unknown
Group#: 089553001000101  **Eligibility Last Checked:** 05/31/2013 by autoelig
ID/Cert#: 03699239W  **Eligibility Message:** Member is eligible.
Referring provider: KUMAR, ULLATTIL N  eligibility history | view detail
PCP: KUMAR, ULLATTIL N

update this policy | deactivate this policy | add/view auths | add card image | perform eligibility check

**Secondary** new secondary insurance

**Prescription** check now

**Appointments** ▷ Schedule ▷ Create Appointment Ticket ▷ Add To Appointment Wait List ▷ View Full Appointment History

**History** Total Billed Appts: 0 CANCELLED:1

LMOM with Brian Determan that upon review of the referral, we suggested that the patient see Vein
Solutions as we are not a vein clinic. Pt should also contact his PCP for a referral. We are unable to
establish care with this patient at this time.   (pin to top)

Case note
Susanne 5/31/13



May 29, 2013

Dr. Tiblier's office
Austin Radiological Association – Austin Vein Center
Attn: Office Manager (Suzanne or Kathy)
901 W. 38th Street, #400
Austin, TX 78705

Dear Office manager of Dr. Tiblier's office:

This is Brian Determan. Again, I am Deafness Resource Specialist, funded by Texas Department of
Assistive and Rehabilitative Services – Office for Deaf and Hard of Hearing Services, through
Communication Axess Ability Group.

My consumer, Daniel Fundermark, contacted me, and he stated that he received a message from you,
and the appointment was cancelled, and left him another doctor with a same specialty and their contact
information.

I am not sure if the letter I faxed you last Friday was entirely read or clear. My intent of this is to assist
you in making their services accessible and readily available to individuals who are deaf or hard of
hearing. If I may, please read the letter I faxed you last Friday again carefully.

Please allow me to seize a moment or two to share the information about this above part. For a friendly
reminder, I am not an attorney, but a technical assistance. According to the ADA scripts, "You can
refuse service to an individual for a number of reasons but it is illegal to deny service on the basis of
disability. If the patient needs a referral because the doctor does not handle the specialty needed, for
example, the patient needs to see an OBGYN and the doctor is a neurologist, the doctor can refer the
patient to someone else."

According to Texas Medical Association, for referrals, "It is not considered discriminatory for a physician with a
specialty in a particular area to refer an individual with a disability to a different public accommodation if the individual
is seeking a service or treatment outside the physician's expertise and the physician would make a similar referral for
a patient who does not have a disability."

Hope you will find this letter very informative and helpful. If you would like, we can meet in person to discuss this matter or if you have any questions. Just let me know so an arrangement will be made.

Respectfully,

Brian Determan

Deafness Resource Specialist – Region 7
Communication Axess Ability Group - Austin
1016 La Posada, Suite 142
Austin, TX 78752
Voice/VP: 512-481-7707 (local)
Fax: 512-420-0102
Email: DeafnessRS7A@dars.state.tx.us or brian.determan@caag4.com

*Project funded by the Office For Deaf and Hard of Hearing Services - DHHS, under the Department of Assistive and Rehabilitative Services - DARS, Division of Rehabilitative Services - DRS*

555X

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-13-002502**

DANIEL FUNDERMARK,

     vs.                                                       , Plaintiff

DR. ERIC S. TIBLIER, P.A.A D/B/A AUSTIN CARDIAC CLINIC,

                                                                 , Defendant

TO:  ERIC TIBLIER
      901 WEST 38TH ST.,
      AUSTIN, TEXAS 78705

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.   You may employ an attorney.   If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JULY 25, 2013 in the 419TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, July 25, 2013.,

REQUESTED BY:
ABIGAIL HILL FRANK
1405 MONTOPOLIS DR.
AUSTIN, TX 78741--507
BUSINESS PHONE:(512)474-0609   FAX:

                                            *Amalia Rodriguez-Mendoza*
                                            AMALIA RODRIGUEZ-MENDOZA
                                            Travis County District Clerk
                                            Travis County Courthouse
                                            1000 Guadalupe, P.O. Box 679003 (78767)
                                            Austin, TX 78701

                                          PREPARED BY: FAIRCHILD EVANGELINE

-- - -- - -- - -- - -- - -- R E T U R N -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the ORIGINAL PETITION, ENTRY OF NEW EFILE

MANDATE ORDER accompanying pleading, having first attached such copy of such citation to such copy

of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

                                        Carlos B. Lopez
                            **Constable Pct. 5, Travis County, Texas**
Sworn to and subscribed before me this the     Sheriff / Constable / Authorized Person

_____ day of _____, _____        By:_____

                                            Printed Name of Server

_____                         
Notary Public, THE STATE OF TEXAS          _____ County, Texas

D-1-GN-13-002502

◻ Original     ◻ Service Copy

                             CONSTABLE 5                  P01 - 000014549

DELIVERED THIS 25 DAY OF July 2013
CARLOS B. LOPEZ
CONSTABLE PCT 5, TRAVIS COUNTY, TEXAS
BY:_____
                 DEPUTY

Filed
13 August 19 A8:18
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-13-002502

CAUSE NO. D-1-GN-13-002502

| | | |
|---|---|---|
| DANIEL FUNDERMARK, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| DR. ERIC S. TIBLIER, P.A. D/B/A | § | |
| AUSTIN CARDIAC CLINIC, | § | |
| Defendant. | § | 419TH JUDICIAL DISTRICT |

## DEFENDANT DR. ERIC S. TIBLIER, P.A. D/B/A AUSTIN CARDIAC CLINIC'S ORIGINALANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Dr. Eric S. Tiblier, P.A., d/b/a Austin Cardiac Clinic, Defendant herein, and in response to the Original Petition of Daniel Fundermark (hereinafter "Plaintiff") would show as follows:

### I.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial and demands strict proof of Plaintiff's allegations by a preponderance of the credible evidence, as provided by law.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff take nothing by his suit and that Defendant recover its costs of suit, and for such other and further relief to which Defendant is justly entitled.

Respectfully submitted,

BALLARD & SIMMONS, LLP
5113 Southwest Parkway, Suite 200
Austin, Texas 78735
(512) 703-5020
(512) 703-5028 (Fax)

By: _____
      Dan Ballard
      State Bar No. 01650700
      Randy Floyd
      State Bar No. 00788418

**ATTORNEYS FOR DEFENDANT**
**DR. ERIC S. TIBLIER, P.A. D/B/A**
**AUSTIN CARDIAC CLINIC**

### CERTIFICATE OF SERVICE

      I certify by my signature that a true and correct copy of the foregoing has been forwarded to the following in the manner described below on this __19th__ day of August, 2013.

**Via E-Filing**
Abigail Frank
Joseph P. Berra
James C. Harrington
Texas Civil Rights Project
1405 Montopolis Dr.
Austin, TX 78741

_____
      Dan Ballard / Randy Floyd

2